**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CODY LEAVITT,

Plaintiff-Appellant,

v.

HAROLD WICKHAM, Associate Warden; et al.,

Defendants-Appellees.

No. 15-16645

D.C. No. 2:13-cv-00490-GMN-CWH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Nevada state prisoner Cody Leavitt appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations arising from the withdrawal of his blood without his consent.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Leavitt's Fourth Amendment claims because Leavitt failed to raise a genuine dispute of material fact as to whether the blood tests were not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (setting forth factors to determine the reasonableness of a challenged prison regulation); *see also Thompson v. City of Los Angeles*, 885 F.2d 1439, 1447 (9th Cir. 1989) (holding that the county had a compelling interest in diagnosing and preventing the transmission of serious disease among detainees), *overruled on other grounds by Bull v. City & County of San Francisco*, 595 F.3d 964, 977-81 (9th Cir. 2010) (en banc).

The district court properly granted summary judgment on Leavitt's Fourteenth Amendment claims because Leavitt failed to raise a triable dispute as to whether the blood tests implicated the Due Process Clause. *See Schmerber v. California*, 384 U.S. 757, 759-60 (1966) (rejecting defendant's claim that the unconsented withdrawal of his blood violated his right to due process).

The district court did not abuse its discretion by denying Leavitt's motion

for reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b) because Leavitt failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief from judgment under Rules 59(e) and 60(b)).

Leavitt's opposed motion to supplement, filed on June 23, 2016, is denied. The court will not consider allegations that were not presented to the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-16645